FILED
SUPERIOR COURT
OF GUAM

2019 MAY 13 PM 4: 44

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF 0331-18 |
| vs. | |
| **BRYAN DAVID KELLER,**<br>DOB: 02/19/1974 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 12, 2019, upon Defendant's Motion to Dismiss ("Motion") filed October 29, 2018. Defendant Bryan David Keller ("Defendant") was represented by Attorney Samuel S. Tekker. Assistant Attorney General Jeremiah Luther represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments and testimony in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On June 21, 2018, Defendant Bryan David Keller was charged with two counts of AGGRAVATED ASSAULT (as a Third Degree Felony) with a SPECIAL ALLEGATION: Possession or Use of a Deadly Weapon in the Commission of a Felony. See Superseding Indictment (Jun. 21, 2018). According to the Declaration attached to the Magistrate Complaint, the charges against the Defendant are based upon an altercation that transpired between the Defendant and Goodman Junior A. Sawata ("Mr. Sawata" or "victim"), wherein the Defendant brandished a knife and attacked the victim, causing the victim to suffer a laceration on the left side of his chest. See Magistrate Complaint (May 25, 2018).

In or around May 24, 2018, at approximately 7:30 p.m., the Defendant and his girlfriend, Elsie Cabrera ("Ms. Cabrera") arrived at Ypao Breeze Inn to try and secure a room for the night. At that time, the Defendant and Ms. Cabrera were homeless and living in their car. While they were waiting inside their car to speak to the owner about staying at the hotel, Mr. Sawata – an employee of Ypao Breeze Inn – and another individual approached the vehicle from behind and allegedly asked the couple to leave the premises. Mr. Sawata approached the driver's side of the vehicle – where the Defendant was seated – and an argument ensued. At some point during the altercation, the Defendant exited the vehicle. Mr. Sawata then allegedly shoved the Defendant, trying to close the car door. Thereafter, the Defendant struck Mr. Sawata with a pocket knife and stabbed Mr. Sawata in the chest area causing injury. The Guam Police Department was called and after investigating the incident, arrested the Defendant.

On October 29, 2018, the Defendant filed the instant motion requesting that the Court dismiss this case pursuant to the presumptions afforded by Guam's Castle Doctrine. Specifically, the Defendant asserts that he is entitled to the presumption that he was in fear of harm when he used force to defend his occupied vehicle and therefore, immune from prosecution. On November 13, 2018, the People filed their Opposition to the Defendant's Motion to Dismiss. In their Opposition, the People argue that immunity under Guam's Castle Doctrine does not extend to outside of the vehicle. In other words, the People maintain that Guam's Castle Doctrine does not afford the Defendant immunity protection because he exited his vehicle in order to engage the victim. The Defendant's Reply to the People's Opposition was filed on November 13, 2018.

On February 12, 2019, a hearing was held on the Defendant's Motion to Dismiss. At the hearing, the Court heard testimony from both the Defendant and Ms. Cabrera. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Guam's Castle Doctrine ("Castle Doctrine" or "the Act"), as codified at 9 GCA §§ 7.111-7.114, allows a person, under certain circumstances, to use defensive force to protect

themselves and others against "intruders and attackers without fear of prosecution or civil action." 7 GCA § 7.111. The Act provides:

> (a) A person is presumed to have held a reasonable fear of imminent peril of death or serious bodily injury to himself or herself or another when using defensive force that is intended or likely to cause death or serious bodily injury to another if:
>
> (1) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully or forcefully entered, *a business, residence, or occupied vehicle*, or if that person had removed or was attempting to remove another against that person's will from *the business, residence, or occupied vehicle*; and
>
> (2) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.

9 GCA § 7.112(a) (emphasis added).

In this case, the issue before the Court is whether the protections of the Castle Doctrine extend outside of a vehicle. In other words, the Court must determine whether the Act provides immunity to a defendant who uses force against an unlawful intruder when the Defendant exits the vehicle that he is occupying to engage another. Here, both parties agree, and the Defendant conceded, that the Defendant exited the vehicle and was outside of the vehicle when the Defendant engaged the victim. Therefore, if the outside areas of a vehicle are included within the reach of the Castle Doctrine, then the Defendant is entitled to the immunities afforded under the Act.

Accordingly, the Court will turn its analysis to a statutory interpretation of Guam's Castle Doctrine. When determining the meaning and application of statutes, the Court's primary duty is "to interpret statutes in light of their terms and legislative intent." Carlson v. Guam, 2002 Guam 15 ¶ 46 n.7. If a statute is unambiguous, then the judicial inquiry into the meaning of the statute is complete. People v. Quichocho, 1997 Guam 13 ¶ 5. In order to determine whether a statute is ambiguous, the Court must examine the language of the statute and the structure of the law as a whole including its object and policy. Id. The inquiry into whether a statute is ambiguous begins with a look at the plain meaning of the language in

question, and, when looking at the language, the Court must determine if the language is plain and unambiguous. Aguon v. Gutierrez, 2002 Guam 14 ¶ 6; see also People v. Camacho, 2015 Guam 37 ¶ 31 (quoting Enriquez v. Smith, 2012 Guam 15 ¶ 11) ("It is cardinal rule of statutory construction that courts must look first to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails."). The Court will hold to the plain meaning of the statutes in the absence of "clear legislative intent to the contrary." Id.

To determine legislative intent, the Court must read a statute "as a whole" and "construe each section in conjunction with other sections." Sumitomo Constr. Co. v. Gov't of Guam, 2001 Guam 23 ¶ 15. However, "[n]otwithstanding the deference due the plain-meaning of statutory language . . . such language need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Id.

Guam's Legislature specified its intent in enacting the Castle Doctrine by codifying its Legislative Findings and Intent in 9 GCA § 7.111. The Legislature found it proper for "people to protect themselves, their families, and others from intruders and attackers without fear of prosecution or civil action from acting in defense of themselves and others." 9 GCA § 7.111. The Legislature also recognized that the Castle Doctrine is a "common-law doctrine of ancient origins that declares that a person's home is his or her castle." Id. Thus, it was the intent of the Legislature "that no person or victim of crime should be required to surrender his or her personal safety to a criminal, nor should a person or victim be required to needlessly retreat in the face of intrusion or attack." Id.

In accordance with the Legislative Findings and Intent, the statute clearly specifies that the defense provided for under Guam's Castle Doctrine applies only in the areas of a "business, residence, or occupied vehicle. See 9 GCA §§ 7.112-7.114. Additionally, the statute defines the term "habitable property" as used throughout the Act, defining the term as follows:

> *Habitable property*, as used in this Section, are limited to business buildings, for which the victim has beneficial control and use; and residences, vehicles and house boats for which the victim has a legal right to occupy. . . . *Habitable property*, as used in this Section, ***does not include*** yards or outdoor spaces surrounding business buildings, residences, vehicles or house boats.

Id. at § 7.112(d)(1) (emphasis added). Thus, the plain language of the statute is clear that the protections afforded under Guam's Castle Doctrine do not apply when force is used in yards or outdoor spaces that surround business buildings, residences, *vehicles*, or house boats.

The Defendant cites to Newell v. State, 49 So. 3d 66 (Miss. 2010) in support of his position that the presumptions under the Castle Doctrine still apply to defensive activity that occur outside of a vehicle. The Newell case involved a defendant who exited his vehicle and used deadly force to defend against threats and attacks by the victim. The Newell court held that, under Mississippi's Caste Doctrine, "[i]f the occupant is still in danger after exiting the vehicle, and his is still in the immediate premises thereof, he should be allowed to use reasonable force to defend against the danger and still be presumed to have acted in reasonable fear of imminent death or great bodily harm." Id. at 76-77 (quotations omitted).

The Court finds the case proffered by the Defendant not persuasive. In People v. Xo Isi John, 2016 Guam 41, the Supreme Court of Guam considered whether a porch or patio is within the reach of Guam's Castle Doctrine. There, the Supreme Court held that because the Act specifies that a residence is habitable property and habitable property *does not include yards or outdoor spaces*, an attached porch "is not included within the province of the Caste Doctrine Act as adopted in Guam." Id. at ¶ 60-62 (citing 9 GCA § 7.111-7.114). Applying the Supreme Court's interpretation of the Act to the facts of this case, Guam's Castle Doctrine therefore, does not extend immunity to the areas outside of a vehicle.

Unlike Mississippi's Castle Doctrine in Newell, Guam's Castle Doctrine does not contemplate immunity outside of the areas defined as habitable property. Guam's Castle Doctrine does not apply to an individual who leaves his residence to confront an individual on his porch or front yard, and the Court will not extend more protection to a vehicle in a parking lot than to an individual's home. A plain reading of Guam's Castle Doctrine clearly states that protection does not apply to the curtilage areas of habitable property. As determined above, both parties agree, and the Defendant conceded, that the Defendant exited the vehicle and was outside of the vehicle when the Defendant engaged the victim. Because justification under Guam's Castle Doctrine does not apply to defensive force used outside a vehicle, the Defendant,

based on the facts presented to the Court, is not entitled to the presumptions and protections afforded under Guam's Castle Doctrine. Accordingly, the Court **DENIES** the Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **DENIED**.

IT IS SO ORDERED _____MAY 1 3 2019_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG, S. Teker

Date: 5/13/19 Time: 4:45

@

Deputy Clerk, Superior Court of Guam